UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jacqueline K. Koski, | Case No. 18-cv-2085 (ECT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| James Jago, et al., | |
| Defendants. | |

This matter came before the undersigned United States Magistrate Judge upon routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Jacqueline K. Koski's Application to Proceeds in forma pauperis. [Docket No. 2].

Plaintiff Jacqueline K. Koski brings this action for alleged violations of her constitutional rights by officials and employees of St. Louis County, Minnesota, as well as an agency of that county. Koski did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. (See, IFP Application [Docket No. 2]). That IFP application is now before the Court, and it must be considered before any other action is taken in this matter.

After review of the IFP application, this Court concludes that Koski qualifies financially for IFP status. However, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons

1

proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

As discussed below, there are two substantial problems with Koski's complaint as pleaded.

First, Koski seeks monetary relief for constitutional violations, but she does not specify whether she is seeking relief from the defendants in their *personal* capacities or in their *official* capacities as officers or employees of the State of Minnesota. "If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). In this context, this means that Koski's claims must be construed as being raised against St. Louis County itself (and only against St. Louis County). See, Doe By and Through Doe v. Washington County, 150 F.3d 920, 923 (8th Cir. 1998) ("A suit against a county official in his official capacity is the equivalent of a suit against the county itself."). "[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation . . . ."

2

Kentucky v. Graham, 473 U.S. 159, 166 (1985) (quotations omitted). There is nothing in the complaint to suggest that St. Louis County *itself* acted contrary to Koski's federal constitutional rights, such as (for example) through the maintenance of an unlawful policy or custom that resulted in the foreseeable depravation of Koski's constitutional rights.

Second, even leaving aside this somewhat technical pleading deficiency, Koski's complaint fails to establish in non-conclusory terms how defendants—whether personally or in their official capacities—violated the law. The exact circumstances of this lawsuit are difficult to follow, but Koski's claims appear to relate to child-custody proceedings that are either ongoing or recently concluded in state court. Defendant James Jago, a social worker, is alleged to have violated Koski's constitutional rights by entering her home "without probable cause," but this allegation is entirely conclusory. (Compl., [Docket No. 1], at 5). This Court cannot conclude from the allegations in the Complaint, even assuming those allegations to be true, that the entry was effected without probable cause or otherwise unlawfully. Koski also alleges that Jago "created [a] false narrative" that led to her losing custody of a grandchild, but she offers practically no details about the events at issue. The allegations against Koski are simply too vague to put him (or the Court) on notice of the specific claims being raised by Plaintiff.

The allegations against defendants Sara Janofski and Elizabeth Seibenalor are vaguer still. Both are claimed to have lied during the course of the child-custody proceedings, but the exact nature of those alleged lies is not clear other than that the lies are alleged to apparently relate to Koski's character. Again, there is simply too little alleged to put these Defendants (or the Court) on notice of the claims being raised.

Accordingly, it is recommended that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of Koski's complaint would not necessarily be futile;[1] it is therefore recommended that this action be dismissed *without* prejudice. Nevertheless, before proceeding in any new action, Koski should draft a complaint that makes clear the specific facts and circumstances at issue in the litigation, along with a specific explanation of how she believes each Defendant violated the law.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Plaintiff Jacqueline K. Koski's application to proceed *in forma pauperis*, [Docket No. 2], be **DENIED**.

Dated: November 29, 2018                   s/Leo I. Brisbois
                                           Leo I. Brisbois
                                           United States Magistrate Judge

---

[1] Koski previously requested leave to file an amended complaint. (See, Mot. to Amend [Docket No. 4]). That request was unnecessary—under the circumstances of the present case, Koski could have amended her Complaint once without leave of court. This Court, nevertheless, granted her Motion, and it allowed Koski until October 22, 2018, in which to file an amended complaint. (Order [Docket No. 5]). The Court forewarned Plaintiff that a failure to timely file the amended complaint would result in the original pleading being reviewed pursuant to § 1915(e)(2)(B). (See, Order [Docket No. 5]). Koski did not timely file an amended complaint, and she has not otherwise responded in any way to this Court's Order granting the motion to amend.

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).